[Cite as *State v. Rouse*, 2026-Ohio-2798.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0130 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, |
| RONALD T. ROUSE JR., | Case No. CR2025-0485 |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  July 21, 2026 |

BEFORE: William B. Hoffman, Craig R. Baldwin, and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer (Muskingum County Assistant Prosecuting Attorney), Zanesville, Ohio, for Plaintiff-Appellee; Brian A. Smith, Fairlawn, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1}    Defendant Ronald Rouse challenges the trial court's order that he pay the court costs associated with his criminal case.  He argues that the court's imposition of those costs was both contrary to law and an abuse of discretion because, in his view, he is indigent and lacks the ability to pay, and also because he had recently been incarcerated and has now been sentenced by the trial court to spend even more time in prison.  For the reasons explained below, we affirm.

**<u>The Key Facts</u>**

{¶2}    Rouse pled guilty in the trial court to one fifth-degree-felony count of aggravated possession of drugs.  At both his plea-change and sentencing hearings, Rouse was represented by appointed counsel because the trial court had determined that Rouse was indigent and was unable to pay for legal counsel himself.

{¶3} At the sentencing hearing, Rouse told the court that he had recently found employment. The court reviewed the presentence-investigation report and Rouse's lengthy criminal history, noting that Rouse had recently completed an 18-year prison term and was under post-release-control (PRC) supervision when the drug-related offense at issue in this case was committed. The court imposed an 11-month prison term for the F5 offense and also imposed an additional consecutive prison term under R.C. 2929.141(A)(1), which allows a trial court in a felony case to impose that kind of additional prison term when someone under PRC supervision commits a new felony offense.

{¶4} The trial court ordered, too, that Rouse pay the court costs in the case. Rouse appeals only the imposition of those costs.

## The Trial Court Did Not Err When It Imposed Costs Despite Rouse's Indigency

{¶5} We ordinarily employ an abuse-of-discretion standard when we are asked to review a trial court's decision to impose court costs on a criminal defendant. *State v. Pettry*, 2014-Ohio-3099, ¶ 31 (5th Dist.).

{¶6} Yet because Rouse did not challenge in the trial court the imposition of costs on him, we review the trial court's order solely for plain error. *State v. Johnson*, 2020-Ohio-4997, ¶ 14 (8th Dist.). And "an alleged error is plain error only if the error is 'obvious,' and 'but for the error, the outcome . . . clearly would have been otherwise.'" *State v. Hinkle*, 2026-Ohio-175, ¶ 14 (5th Dist.) quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus.

{¶7} R.C. 2947.23(A)(1)(a) directs that in every criminal case the court "shall include in the sentence the costs of prosecution" and must "render a judgment against the defendant for such costs." That command "'requires a court to impose costs against all

convicted defendants,'" whether indigent or not. *State v. Taylor*, 2020-Ohio-3514, ¶ 6, quoting *State v. White*, 2004-Ohio-5989, ¶ 8. Ohio law has long permitted a trial court to assess those costs against an indigent defendant at the time a sentence is imposed. *See State v. Durenda*, 2004-Ohio-1292, ¶ 18 (5th Dist.) ("Ohio law does not prohibit a judge from including court costs as part of the sentence of an indigent defendant"); *State v. Dobbins*, 2004-Ohio-4715, ¶ 12 (5th Dist.) (affirming the imposition of court costs on an indigent defendant who had been sentenced to prison).

{¶8} To be sure, a trial court does, under R.C. 2947.23(C), have discretion to "waive, suspend, or modify" those costs. But that discretion imposes no obligation on the trial court to weigh the defendant's ability to pay. As the Supreme Court held in *Taylor*, "a trial court is not required to consider the defendant's ability to pay" under R.C. 2947.23(C), "though it is permitted to do so." *Taylor* at ¶ 16.

{¶9} Measured against that standard, none of the arguments that Rouse raises here persuade us that the trial court, by imposing costs, acted beyond the scope of that court's discretion, let alone that any plain error has occurred. The trial court was free to impose costs without considering Rouse's ability to pay. His recent incarceration and thin work history do not alter our view. And the fact that the trial court sentenced him to prison does not do so either. *See State v. Donaldson*, 2020-Ohio-3591, ¶ 10 (8th Dist.) (rejecting the argument that a trial court erred by imposing court costs on an indigent defendant who must also serve a prison term). The trial court reviewed the case history and the presentence report and then imposed the very costs that Ohio law requires. That decision was not an obvious error.

{¶10} We note that Rouse still has a path to seek some relief. A sentencing court, in the words of R.C. 2947.23(C), "retains jurisdiction" to waive, suspend, or modify a criminal

defendant's court-cost obligation, and that is true not only at the time of sentencing but also "at any time" afterwards. *See State v. Braden*, 2019-Ohio-4204, ¶ 23 (explaining that a trial court retains jurisdiction to act after sentencing even where the defendant did not ask at sentencing that court costs be suspended then). Rouse was not required to challenge the costs in this direct appeal in order to seek relief from the trial court later. He may return to the trial court at any time and ask that court to waive, suspend, or modify the costs that he has been ordered to pay.

{¶11} For the reasons explained above, the judgment of the Court of Common Pleas of Muskingum County is affirmed. Costs are to be paid by Appellant Ronald T. Rouse, Jr.

By: Gormley, J.;

Hoffman, P.J. and

Baldwin, J. concur.